IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JOSEPH MCCARTY,

     Plaintiff,

                                 CASE NO.:

-vs-

NAVIENT SOLUTIONS, INC.,

     Defendant.

_____/

## **COMPLAINT**

COMES NOW Plaintiff, Joseph McCarty, by and through the undersigned counsel, and sues Defendant, NAVIENT SOLUTIONS, INC., and in support thereof respectfully alleges violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq*. ("TCPA") and the Florida Consumer Collection Practices Act, Fla. Stat. § 559.55 *et seq*. ("FCCPA").

## **INTRODUCTION**

1.    The TCPA was enacted to prevent companies like NAVIENT SOLUTIONS, INC. from invading American citizen's privacy and prevent abusive "robo-calls."

2.    "The TCPA is designed to protect individual consumers from receiving intrusive and unwanted telephone calls." *Mims v. Arrow Fin. Servs., LLC*, -US--, 132 S.Ct., 740, 745, 181, L.Ed. 2d 881 (2012).

3.     "Senator Hollings, the TCPA's sponsor, described these calls as 'the *1256 scourge of modern civilization, they wake us up in the morning; they interrupt our dinner at night; they force the sick and elderly out of bed; they hound us until we want to rip the telephone out of the wall.'" 137 Cong. Rec. 30, 821 (1991). Senator Hollings presumably intended to give telephone subscribers another option: telling the autodialers to simply stop calling." *Osorio v. State Farm Bank, F.S.B.*, 746 F. 3d 1242 (11th Cir. 2014).

4.     According to the Federal Communications Commission (FCC), "Unwanted calls and texts are the number one complaint to the FCC. There are thousands of complaints to the FCC every month on both telemarketing and robocalls. The FCC received more than 215,000 TCPA complaints in 2014." *Fact Sheet: Wheeler Proposal to Protect and Empower Consumers Against Unwanted Robocalls, Texts to Wireless Phones*, Federal Communications Commission, (May 27, 2015), http://transition.fcc.gov/Daily_Releases/Daily_Business/2015/db0527/DOC-333676A1.pdf.

## JURISDICTION AND VENUE

5.     This is an action for damages exceeding Fifteen Thousand Dollars ($15,000.00) exclusive of attorney fees and costs.

6.     Jurisdiction and venue for purposes of this action are appropriate and conferred by 28 U.S.C. § 1331, Federal Question Jurisdiction, as this action involves violations of the TCPA.

7.     Subject matter jurisdiction, federal question jurisdiction, for purposes of this action is appropriate and conferred by 28 U.S.C. § 1331, which provides that the district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States; and this action involves violations of 47 U.S.C. § 227(b)(1)(A)(iii). See *Mims v. Arrow Fin. Servs., LLC*, S.Ct. 740, 748 (2012) and *Osorio v. State Farm Bank, F.S.B.*, 746 F.3d 1242, 1249 (11th Cir. 2014)

8.     Venue is proper in this District as Plaintiff resides within this District (Hillsborough County, Florida), the violations described in this Complaint occurred in this District and the Defendant transacts business within Hillsborough County, Florida.

## FACTUAL ALLEGATIONS

9.     Plaintiff is a natural person, and citizen of the State of Florida, residing in Hillsborough County, Florida

10.    Plaintiff is a "consumer" as defined in Florida Statute § 559.55(8).

11.    Plaintiff is an "alleged debtor."

12.    Plaintiff is the "called party." See *Breslow v. Wells Fargo Bank, N.A.*, 755 F. 3d 1265 (11th Cir. 2014) and *Osorio v. State Farm Bank, F.S.B.*, 746 F.3d 1242 (11th Cir. 2014).

13.    Defendant, NAVIENT SOLUTIONS, INC (hereinafter "Navient Solutions"), is a corporation with its principal place of business at 2001 Edmund Halley Dr., Reston, VA 20191-3436 and conducting business in the state of Florida through its registered agent, Corporation Service Company, 1201 Hays St., Tallahassee, FL 32301.

14.     The debt that is the subject matter of this Complaint is a "consumer debt" as defined by Florida Statute §559.55(6).

15.     NAVIENT SOLUTIONS, INC. called Plaintiff on Plaintiff's cellular telephone approximately 100 times since 2015 in an attempt to collect a debt.

16.     NAVIENT SOLUTIONS, INC. attempted to collect an alleged debt from Plaintiff by this campaign of telephone calls.

17.     NAVIENT SOLUTIONS, INC. intentionally harassed and abused Plaintiff on numerous occasions by calling several times during one day and on back to back days, with such frequency as can reasonably be expected to harass.

18.     Upon information and belief, some or all of the calls the Defendant made to Plaintiff's cellular telephone number were made using an "automatic telephone dialing system" which has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator (including but not limited to a predictive dialer) or an artificial or prerecorded voice; and to dial such numbers as specified by 47 U.S.C § 227(a)(1) (hereinafter "autodialer calls"). Plaintiff will testify that he knew it was an autodialer because of the vast number of calls he received and because he heard a pause when he answered his phone before a voice came on the line and he received prerecorded messages from NAVIENT SOLUTIONS, INC.

19.     Plaintiff is the subscriber, regular user and carrier of the cellular telephone number (813) ***-4839 and was the called party and recipient of Defendant's calls.

20.     Beginning on or about January, 2015, NAVIENT SOLUTIONS, INC. began bombarding Plaintiff's cellular telephone (813) ***-4839 in an attempt to collect on a student loan.

21.     The autodialer calls from Defendants came from the telephone numbers including but not limited to 888-272-5542 and 888-272-5543, and when those numbers are called, a prerecorded voice or a representative answers and identifies the company as "Navient Department of Education Loan Servicing."

22.     Additional autodialer calls from Defendants came from telephone number including but not limited to 607-235-5095, and when that number is called a live representative answers the line and identifies the company as "Navient."

23.     Plaintiff revoked consent for Defendant to call him on his cellular telephone several times throughout the course of 2015.

24.     Despite Plaintiff's revocation of consent, Defendant's autodialer calls continued throughout the course of 2015.

25.     Plaintiff revoked consent again in January of 2016 when he spoke with a representative from Navient and told them to stop calling.

26.     Despite Plaintiff's re-revocation of consent, Defendant's autodialer calls continued to Plaintiff's cellular phone.

27.     On February 16, 2016, Plaintiff once again revoked any consent Defendant believed they had to call him. Plaintiff spoke with Defendant's representative "Helen," and told her to "please stop calling my phone." Defendant's representative

replied that they could call as much as they want, at which time Plaintiff hung up the phone.

28.     Despite Plaintiff's revocation of consent for at least the third time, Defendant's autodialer calls continued to Plaintiff's cellular phone throughout the course of 2015 and 2016 through the filing of this complaint.

29.     NAVIENT SOLUTIONS, INC. has a corporate policy to use an automatic telephone dialing system or a pre-recorded or artificial voice to individuals just as it did to Plaintiff's cellular telephone in this case.

30.     NAVIENT SOLUTIONS, INC. has a corporate policy to use an automatic telephone dialing system or a pre-recorded or artificial voice just as it did to Plaintiff's cellular telephone in this case, with no way for the consumer, Plaintiff, or NAVIENT SOLUTIONS, INC., to remove the number.

31.     NAVIENT SOLUTIONS, INC.'s corporate policy is structured so as to continue to call individuals like Plaintiff, despite these individuals explaining to NAVIENT SOLUTIONS, INC. they wish for the calls to stop.

32.     NAVIENT SOLUTIONS, INC. has numerous other federal lawsuits pending against it alleging similar violations as stated in this Complaint.

33.     NAVIENT SOLUTIONS, INC. has numerous complaints across the country against it asserting that its automatic telephone dialing system continues to call despite requested to stop.

34.     NAVIENT SOLUTIONS, INC. has had numerous complaints from consumers across the country against it asking to not be called; however, Defendant continues to call the consumers.

35.     NAVIENT SOLUTIONS, INC.'s corporate policy provided no means for Plaintiff to have his number removed from Defendant's call list.

36.     NAVIENT SOLUTIONS, INC. has a corporate policy to harass and abuse individuals despite actual knowledge the called parties do not wish to be called.

37.     Not a single call placed by NAVIENT SOLUTIONS, INC. to Plaintiff were placed for "emergency purposes" as specified in 47 U.S.C. § 227(b)(1)(A).

38.     NAVIENT SOLUTIONS, INC. willfully and/or knowingly violated the TCPA with respect to Plaintiff.

## COUNT I
### (Violation of the TCPA)

39.     Plaintiff fully incorporates and realleges paragraphs 1 through 38 as if fully set forth herein.

40.     NAVIENT SOLUTIONS, INC. willfully violated the TCPA with respect to Plaintiff, especially for each of the auto-dialer calls made to Plaintiff's cellular telephone after Plaintiff notified NAVIENT SOLUTIONS, INC. that he wished for the calls to stop.

41.     NAVIENT SOLUTIONS, INC. repeatedly placed non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system or prerecorded or artificial voice without Plaintiff's prior express consent in violation of federal law, including 47 U.S.C § 227(b)(1)(A)(iii).

7

**WHEREFORE**, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against NAVIENT SOLUTIONS, INC. for statutory damages, punitive damages, actual damages, treble damages, enjoinder from further violations of these parts and any other such relief the court may deem just and proper.

## <u>COUNT II</u>
### (Violation of the FCCPA)

42.     Plaintiff fully incorporates and realleges paragraphs 1 through 38 as if fully set forth herein

43.     At all times relevant to this action NAVIENT SOLUTIONS, INC. is subject to and must abide by the laws of the State of Florida, including Florida Statute § 559.72.

44.     NAVIENT SOLUTIONS, INC. has violated Florida Statute § 559.72(7) by willfully communicating with the debtor or any member of his or her family with such frequency as can reasonably be expected to harass the debtor or his or her family.

45.     NAVIENT SOLUTIONS, INC. has violated Florida Statute § 559.72(7) by willfully engaging in other conduct which can reasonably be expected to abuse or harass the debtor or any member of his or her family.

46.     NAVIENT SOLUTIONS, INC.'s actions have directly and proximately resulted in Plaintiff's prior and continuous sustaining of damages as described by Florida Statute § 559.77.

**WHEREFORE,** Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against NAVIENT SOLUTIONS, INC. for statutory damages, punitive damages, actual damages, costs, interest, attorney fees, enjoinder from further

violations of these parts and any other such relief the court may deem just and proper.

Respectfully submitted,

*/s/ Tav Gomez*

Octavio "Tav" Gomez, Esquire
Morgan & Morgan, Tampa,  P.A.
One Tampa City Center
201 N. Franklin Street, 7th Floor
Tampa, FL 33602
Tele:  (813) 223-5505
Fax:  (813) 223-5402
Florida Bar #:  0338620
Attorney for Plaintiff